DYKEMA GOSSETT LLP
CRAIG N. HENTSCHEL, SBN: 66178
chentschel@dykema.com
MICHAEL P. WIPPLER, SBN: 155646
mwippler@dykema.com
S. CHRISTOPHER WINTER, SBN: 190474
kwinter@dykema.com
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone:  (213) 457-1800
Facsimile:   (213) 457-1850

Attorneys for Plaintiff
SCI TECHNOLOGY, INC.

STEPHEN P. ELLINGSON (SBN 136505)
sellingson@hayesscott.com
JAMIE A. RADACK (SBN 221000)
jradack@hayesscott.com
HAYES SCOTT BONINO ELLINGSON & McLAY, LLP
203 Redwood Shores Parkway, Suite 480
Redwood City, CA 94065
Telephone: 650.637.9100
Facsimile:  650.637.8071

Attorneys for Defendant
ELECTROSPEC, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| SCI TECHNOLOGY, INC., an Alabama corporation,<br><br>Plaintiff,<br><br>v.<br><br>ELECTROSPEC, INC., a New Jersey corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.  5:11-cv-00060 EJD<br><br>**STIPULATED PROTECTIVE ORDER**<br>AS MODIFIED BY THE COURT |

### 1.  Purposes and Limitations

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection is warranted from public disclosure and from use for any purpose other than this

litigation. The parties therefore stipulate to and request entry of this Confidentiality Protective Order by the court. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

Any motions filed relating to this order must comply with all applicable rules. This Order does not allow any party to file anything under seal. The applicable rules set forth the procedures that must be followed and reflect the standards that will be applied when a party seeks leave to file material under seal.

**2.    Definitions**

2.1.    <u>Party</u>. A party to this action, including its officers, directors, employees, consultants, retained experts, and outside counsel (and their respective support staffs).

2.2.    <u>Discovery Material</u>. Documents, electronically stored information, and things, regardless of the medium or matter generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in connection with disclosures or discovery in this matter.

2.3.    <u>Protected Material</u>. Discovery Material that is designated as Confidential or as Highly Confidential — Attorneys Eyes Only.

2.4.    <u>Confidential Material</u>. Information (regardless of how generated, stored, or maintained) or tangible things which the Designating Party determines, reasonably and in good faith, should not be disclosed to the public because it constitutes confidential, proprietary, or otherwise sensitive information such as research, development, financial, technical, sales or commercial information.

2.5.    <u>Highly Confidential — Attorneys Eyes Only Material</u>. Confidential Material that is especially sensitive, whose disclosure to another Party or non-party would create a risk of serious harm that may not be avoided by less restrictive means. By way of example, Highly Confidential — Attorneys Eyes Only Material may

include trade secrets or competitively-sensitive business information that may be of value to an actual or potential competitor, customer, or supplier.

2.6. <u>Classified Material</u>. Official information that has been determined, pursuant to Executive Order 13526 or any predecessor order, to require protection against unauthorized disclosure in the interest of national security and which has been so designated.

2.7. <u>Receiving Party</u>. A Party that receives Discovery Material.

2.8. <u>Producing Party</u>. A person or entity (including non-Parties) that produces Discovery Material in this action.

2.9. <u>Designating Party</u>. A person or entity (including non-Parties) that designates Protected Material. A Designating Party need not be the Producing Party of the Protected Material.

2.10. <u>Challenging Party</u>. A Receiving Party that challenges a Designating Party's confidentiality designation for specified Discovery Material.

2.11. <u>Outside Counsel</u>. Attorneys who are retained by a person or entity to represent or advise that person or entity in connection with this litigation. Outside Counsel does not include employees of a Party or Patent Prosecution Counsel. For purposes of this Order, "Outside Counsel" includes any support staff regularly employed by Outside Counsel. Outside Counsel does not include House Counsel or any support staff employed by House Counsel.

2.12. <u>House Counsel</u>. Attorneys who are employees of a Party, but not House Litigation Counsel. House Counsel includes any support staff regularly employed by such attorney.

2.13. <u>House Litigation Counsel</u>. House Counsel who are involved in or responsible for prosecution of this action.

2.14. <u>Patent Prosecution Counsel</u>. Any person or entity that provides services or advice to a Party relating to patent prosecution or reexamination.

2.15. <u>Counsel (without qualifier)</u>. Outside Counsel or House Counsel.

2.16. <u>Expert</u>. A person with specialized knowledge or experience in an area pertinent to this litigation who has been retained by a Party or its Counsel to serve as an expert witness or consultant. This includes professional jury or trial consultants.

2.17. <u>Vendors</u>. Persons or entities that provide alternative dispute resolution (ADR) services or litigation support products or services other than Expert services, and their employees and subcontractors. By way of example, Vendors may include persons or entities that provide products or services relating to mediation, arbitration, handling of Discovery Material, preparation of exhibits or demonstrations, forensics, laboratory testing, photocopying, stenography, videotaping, translation, or storage.

2.18. <u>Disk</u>. A device or storage medium upon which Discovery Material is produced in a form readable by a computer.

**3.   Scope**

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

**4.   Duration**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.   Designating Protected Material**

5.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Designating Party must take care to limit any such designation to specific material that qualifies under appropriate standards. A Designating Party must take care to designate for protection only those portions of material that qualify — so that other portions for which protection is not warranted are not unjustifiably swept within the ambit of this Order.

1  Mass, indiscriminate, or routinized designations are prohibited. Designations
2  that are shown to be clearly unjustified, or that have been made for an improper
3  purpose (e.g., to unnecessarily encumber or retard the case development, or to impose
4  unnecessary expenses and burdens on others), may expose the Designating Party to
5  sanctions.

6  If it comes to a Party's or non-party's attention that Discovery Material that it
7  designated for protection does not qualify for protection at all, or does not qualify for
8  the level of protection initially asserted, that Party or non-party must promptly correct
9  its designation and notify all Receiving Parties of the correction.

10  5.2. <u>Manner and Timing of Designation</u>. Except as otherwise provided in
11  this Order, or as otherwise stipulated or ordered, Discovery Material that qualifies for
12  protection under this Order must be clearly designated as Protected Material at the
13  time the material is disclosed or produced. Designation in conformity with this Order
14  requires:

15  (a) <u>Material produced in documentary form</u>. The Producing Party
16  may designate documents as Protected Material by affixing a legend "Confidential"
17  or "Highly Confidential — Attorneys Eyes Only" on each page. A Producing Party
18  that makes original documents available for inspection need not designate them for
19  protection until after the inspecting Party has indicated which material it wants copied
20  and produced. During the inspection and before the designation, all of the material
21  made available for inspection shall be deemed "Highly Confidential — Attorneys
22  Eyes Only". After the inspecting Party has identified the documents it wants copied
23  and produced, the Producing Party must designate the material in compliance with
24  this Order before producing the material.

25  (b) <u>Material produced in electronic form</u>. Discovery Material may be
26  produced in electronic form. If it is impossible or impractical to affix a legend to
27  each electronic file produced without altering its contents or its metadata, a Producing
28  Party may affix a legend to the outside of the Disk on which the Discovery Material

is produced. The designation indicated in the legend applies to all Discovery Material on the Disk.

If a Disk is designated with a legend on the outside of the Disk, no Receiving Party may copy or print any material from that Disk unless the Receiving Party affixes a legend to the material that will be printed or copied. The Receiving Party has the obligation to ensure that the legend affixed to the material: (1) reflects the designation applied to the Disk by the Designating Party; (2) is affixed permanently to the material; and (3) is prominently visible to each person who might view the material, regardless of the software, computer system, or other means used to view the material. If the nature of the electronically stored information makes it impossible or impractical for the Receiving Party to fulfill these obligations, it must confer with the Producing Party and/or the Designating Party and attempt to reach agreement about how the material should be marked. If agreement cannot be reached in good faith, any party may move for a court order concerning the manner of affixing a legend to the individual material.

Nothing in this Order, nor any Party's stipulation to have this Order entered by the court, shall be deemed to be an agreement by any party to produce or to receive Discovery Material in any particular form.

(c) <u>Deposition Testimony.</u> A deposition transcript (or portions thereof) may be designated as Protected Material by providing written notice to all Receiving Parties and to the person who prepared the transcript within thirty days after receipt of the original transcript. The Designating Party must designate the individual portions of the transcript which are Protected Material. If only certain pages (or portions of pages) qualify for protection, the Designating Party must take care not to over-designate any material. The person who prepared the transcript must affix appropriate legends to all subsequent copies of the transcript (or portions thereof) to indicate the designations. All Receiving Parties who received a copy of

1 the transcript before the designation must affix appropriate legends to their copies to
2 indicate the designations.

3       (d) <u>Tangible Items and Other Material</u>. If Protected Material is
4 produced in a tangible item or some other form other than documents, electronically
5 stored information, or testimony, the Designating Party may affix an appropriate
6 legend in a prominent place on the exterior of the tangible item.

7       (e) <u>Redesignation</u>. If a Designating Party determines that Discovery
8 Material was not correctly designated at the time of production, it must promptly
9 notify all Receiving Parties of the correct designation. If Discovery Materials are
10 redesignated with a higher level of confidentiality than when they were originally
11 produced, all Receiving Parties who received a copy of the material before the
12 correction must affix appropriate legends to their copies to indicate the corrected
13 designations and take reasonable steps to retrieve all copies of the newly designated
14 material from persons who were previously given access to the material but who are
15 no longer permitted to have such access.

16    5.3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent
17 failure to designate qualified material as protected does not, standing alone, waive the
18 Designating Party's right to secure protection under this Order for such material. If
19 material is appropriately designated after it was initially produced, each Receiving
20 Party must make reasonable efforts to assure that the Protected Material is treated in
21 accordance with the provisions of this Order after receiving notice of the correction,
22 including reasonable efforts to retrieve all copies of the Protected Material previously
23 disseminated.

24    5.4. <u>Information in Designated Material Available From Other Sources</u>.

25       (a) <u>Publicly known at the time of production</u>. Discovery Material
26 should not be designated as Protected Material if the information it contains is known
27 and generally available to the public. Discovery Material that contains a mixture of
28 public and nonpublic information may be designated as Protected Material, in which

case the Designating Party must make reasonable efforts not to designate those pages that contain solely information that is known and generally available to the public.

(b) <u>Subsequent disclosure to the public</u>. If Protected Material becomes known and generally available to the public other than through the act or omission of the Receiving Party or an inadvertent act or omission of the Designating Party or Producing Party, such material will lose its protected status under this Order, and a Receiving Party may challenge the designation.

(c) <u>Information acquired through other means</u>. Information contained in Protected Material may be available to a Receiving Party through means other than discovery governed by this Order, even if it is not known and generally available to the public. If a Receiving Party acquires such information through legal means, this Order will not prohibit the Receiving Party from disclosing the information acquired through such other means. This Order does not alter any obligations or conditions imposed on the Receiving Party by the circumstances under which it acquired such information, such as acquisition under a nondisclosure agreement.

### 6. Challenging Confidentiality Designations

6.1. <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, foreseeable avoidable burdens, or a later-occurring foreseeable significant disruption or delay of the litigation, a Challenging Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. <u>Meet and Confer</u>. A Challenging Party may make a challenge only in good faith and after conferring in good faith with the Designating Party. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation is not proper and must give the Designating Party an opportunity to review the designated material, to consider the circumstances, and, if

no change in the designation is offered, to explain the basis for the chosen designation. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unecessary expenses and burdens on parties) may expose the Challenging Party to sanctions.

6.3. <u>Judicial Intervention</u>. If an agreement is not reached after meeting and conferring, the Challenging Party may file a notice with the court, stating that an impasse has been reached concerning confidentiality designations under this Order. If the Designating Party persists in its designations, the Designating Party may file a motion within ten court days after the notice is filed, seeking a declaration that confidentiality designations are valid. Such a motion may not assert a basis for a confidentiality designation on any ground that was not substantively discussed in the meet and confer process. The motion must specifically identify the designated material for which the Designating Party wishes to maintain the confidentiality designations and set forth the basis for each designation. The Designating Party will have the burden of persuasion in any challenge. If such a motion is filed, then until the court rules on the motion, all parties must continue to treat the material in question with the level of protection for which it was designated.

7. **Access To and Use of Protected Material**

7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may not be used for any other purpose. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Protected Material must be stored and maintained in a manner designed to ensure that access to it is limited as required by this Order.

7.2. <u>Disclosure of "Confidential" Material</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any material designated Confidential only to:

(a) The Receiving Party's Outside Counsel and employees of Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation.

(b) The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the Agreement To Be Bound By Confidentiality Protective Order (Exhibit A).

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the Agreement To Be Bound By Confidentiality Protective Order (Exhibit A), after the procedure in § 7.4 is followed.

(d) The Court and the Court's personnel.

(e) Vendors who have signed the Agreement To Be Bound By Confidentiality Protective Order (Exhibit A) and to whom disclosure is reasonably necessary for this litigation.

(f) During their depositions, witnesses to whom disclosure is reasonably necessary and who have signed the Agreement To Be Bound By Confidentiality Protective Order (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Order.

(g) The author of any Protected Material, the original source of the information or anyone who previously had access to any Protected Material. By way of example, this includes an original recipient of a document that contains Protected Material.

7.3. <u>Disclosure of "Highly Confidential — Attorneys Eyes Only"</u> Material. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated Highly Confidential — Attorneys Eyes Only to the persons listed in § 7.2 other than officers, directors, and employees (other than those persons listed in § 7.2(g) and House Litigation Counsel ) of any Party.

7.4. <u>Classified Material</u>. Pursuant to Executive Order 13526 dated December 29, 2009, Classified Material can only be accessed by persons with appropriate security clearances. Accordingly, to the extent that a discovery request seeks Classified Material, the responding party shall not be required to identify, describe, or produce the Classified Material in its response except by way of a general statement that "Responsive information includes Classified Material – Subject to National Industrial Security Program Operating Manual (NISPOM) procedures."

At or before the time of its response to any discovery request that seeks Classified Material, the responding party shall notify the appropriate classification authority that the requesting party seeks discovery of Classified Materials. No Classified Material shall thereafter be disclosed except as expressly authorized by NISPOM § 5-510.

7.5. <u>Disclosure of Protected Material to Experts</u>.

(a) <u>Request to Disclose Protected Material to Expert</u>. Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Receiving Party that seeks to disclose any Protected Material to an Expert must first make a written request to the Designating Party. The request must include: (1) the Expert's name and contact information, (2) a copy of the Expert's current CV, (3) identification of the Expert's current employer(s), (4) identification of each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services during the preceding five years, and (5) identification of (by name and number of the case, filing date, and court) all litigation in connection with which the Expert has provided any professional services during the preceding five years.

(b) <u>Objections to Disclosure of Protected Material to Expert</u>. A Party that makes a request and provides the information required by the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within ten court days of delivering the request, the Party receives a written objection

1  from the Designating Party. Any such objection must set forth the grounds on which
2  it is based.

3      (c) <u>Meet and Confer</u>. If the Receiving Party continues to wish to
4  disclose the Protected Material to the Expert after receiving an objection, it must
5  confer in good faith with the Designating Party to attempt to resolve the dispute. The
6  parties must confer about potential safeguards that would prevent inappropriate
7  disclosure or use of Protected Material.

8      (d) <u>Judicial Intervention</u>. If no agreement is reached after meeting
9  and conferring, a Receiving Party may file a notice with the court, stating that an
10 impasse has been reached concerning disclosure of Discovery Material to an Expert
11 under this Order. If the Designating Party persists in its objections, the Designating
12 Party may file a motion within ten court days after the notice is filed, seeking a
13 declaration that its objection is valid. Such a motion may not assert any basis for
14 objection that was not substantively discussed in the meet and confer process. The
15 motion must describe the circumstances, set forth the reasons for which the disclosure
16 to the Expert was requested, assess the risk of harm that the disclosure would entail
17 under safeguards proposed, and suggest any additional safeguards that might be used
18 to reduce that risk. The Party seeking to prevent the disclosure will bear the burden
19 of proving that the risk of harm that the disclosure would entail (under safeguards
20 proposed) substantially outweighs the Receiving Party's need to disclose the
21 Protected Material to its Expert. If such a motion is filed, then until the court rules on
22 the motion, the Protected Material may not be disclosed to the Expert.

23 **8. Relation to Other Proceedings**

24 If a Receiving Party receives an instrument issued in connection with any other
25 proceeding (such as a subpoena, request for production, or court order) that it
26 believes in good faith may compel disclosure of any Protected Material, the
27 Receiving Party must notify the Designating Party in writing (by fax or email, if
28 possible) promptly after recognizing that the instrument may call for production of

1  Protected Material. A copy of the instrument in question must accompany this
2  notification.
3      The Receiving Party must also notify in writing the party or court that caused
4  the instrument to issue in the other proceeding that some or all of the material
5  covered by the instrument is subject to this Order. A copy of this Order must
6  accompany this notification.
7      The purpose of imposing these duties is to provide the affected parties an
8  opportunity to protect their interests. Each party will bear its own burden and
9  expense of seeking such protection. Nothing in this Order should be construed as
10 authorizing or encouraging a Receiving Party in this action to challenge or disobey a
11 lawful instrument in another proceeding.

### 9. Unauthorized Disclosure of Protected Material

13 If a Receiving Party learns that Protected Material has been accessed or used
14 by a person or in a manner not authorized by this Order and is certain that such access
15 was not attributable to any act or omission by it, the Receiving Party must promptly
16 notify the Designating Party of the unauthorized access or use. If a Receiving Party
17 learns that Protected Material has been accessed or used by a person or in a manner
18 not authorized by this Order and such access or use may be due to an act or omission
19 by the Receiving Party, the Receiving Party must promptly do the following: (a)
20 notify the Designating Party of the unauthorized access or use, (b) use its best efforts
21 to retrieve all copies of the Protected Material that were inappropriately accessed or
22 used, (c) provide a copy of this Order to each person to whom unauthorized access or
23 use was available, and (d) request that each such person execute a copy of the
24 Agreement To Be Bound By Confidentiality Protective Order that is attached hereto
25 as Exhibit A. [or a court order secured after appropriate notice to all interested persons]

### 10. Filing Protected Material

27 Without written permission from the Designating Party, Protected Material
28 may not be filed in the public record. Any Protected Material that is filed must be

filed under seal. A Party that seeks to file anything under seal must comply with applicable rules and orders concerning filings under seal.

### 11. Final Disposition

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action (including appeals), each Receiving Party must return all Protected Material to the Producing Party. The Receiving Party may, at its option, destroy some or all of the Protected Material instead of returning it to the Producing Party. This includes an obligation to return or destroy all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel, and parties not represented by Counsel in this action, may retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order.

### 12. Miscellaneous

12.1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any Party to seek relief (including modification of this Order) from the Court in the future.

12.2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object on any ground to

disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to the use of any Discovery Material as evidence.

12.3. <u>Inadvertent Production or Disclosure of Privileged Matter</u>. Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege, provided that the Producing Party shall notify the Receiving Party in writing of such inadvertent production promptly after the Producing Party learns of such inadvertent production. If prompt notification is made, such inadvertently produced document and all copies thereof shall be returned to the Producing Party or destroyed upon request, and all notes containing or concerning such inadvertently produced documents or information contained therein shall be destroyed, within five (5) business days of receiving such written notice. No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy such documents. The party having returned such inadvertently produced material may thereafter seek production of any such material in accordance with the Federal Rules of Civil Procedure by moving the Court, provided that the party seeking discovery may not assert waiver as a basis for production based solely on the inadvertent production.

12.4. <u>Non-Parties</u>. Any person or entity who is not a Party to this action may invoke this Order by written notice to all Parties and may designate Discovery Material as Protected Material in accordance with the terms of this Order.

Dated: ~~July~~ August 10, 2011     DYKEMA GOSSETT LLP

By: _____
S. Christopher Winter
Attorneys for Plaintiff
SCI Technology, Inc.

Dated: July 29, 2011       HAYES SCOTT BONINO ELLINGSON & McLAY, LLP

By: _____
STEPHEN P. ELLINGSON
JAMIE A. RADACK
Attorneys for Defendant
ELECTROSPEC, INC.

Pursuant to the parties' stipulation, and for good cause, IT IS SO ORDERED.

Date: August 31, 2011         _____
PAUL S. GREWAL
United States Magistrate Judge

Exhibit A: Agreement To Be Bound By Confidentiality Protective Order

I, _____, declare under penalty of perjury under the laws of the United States that I have read and understand the Confidentiality Protective Order that was entered in the United States District Court for the Northern District of California, Case No. 5:10-cv-05142-PSG. I agree to comply with and to be bound by that Order, and I understand that failure to comply could expose me to sanctions and punishment in the nature of contempt. I agree that I will not use or disclose matter that is protected under that Order, except in strict compliance with that Order. I further agree that I submit to the jurisdiction and venue of the above-referenced court for proceedings relating to that Order, including enforcement or contempt proceedings, even if such proceedings occur after the termination of the case in which the Order was entered.

Date:

Printed Name:

Signature:

PAS01\207959.1
ID\SCW - 100471/0017